FILED by EG D.C.
ELECTRONIC
Feb 22 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-60158-CIV-MARTINEZ/KLEIN

ELAN CORPORATION, PLC.,

        Plaintiff,

v.

ANDRX PHARMACEUTICALS, INC.,

        Defendant.

_____/

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Andrx Pharmaceuticals, Inc. (hereinafter "Andrx"), by its attorneys, for its Answer, responds to the Complaint as follows:

1. Admits the allegations contained in paragraph 1 of the Complaint.

2. Denies information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations of this paragraph.

3. Admits that Andrx Pharmaceuticals, Inc. is a Florida corporation with corporate offices located at 4955 Orange Drive, Davie, Florida 33314 and manufacturing facilities at 4001 S.W. 47th Avenue, Ft. Lauderdale, Florida, 33314, but denies the remaining allegations of paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraphs 4, 5 and 6 of the Complaint.

5. In response to the allegations contained in paragraph 7 of the Complaint, admits that United States Patent No. 5,637,320 (hereinafter "the '320 patent") entitled "Controlled Absorption Naproxen Formulation for Once-Daily Administration" was issued on

5/BB

June 10, 1997, and that a copy of the '320 patent is attached to the Complaint as Exhibit A and denies the remaining allegations contained in paragraph 7.

6. Denies information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the allegations of this paragraph.

7. Admits that the claims in the '320 patent recite a formulation for a once-daily oral administration comprising naproxen, but denies that there is information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

8. Denies information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the allegations of this paragraph.

9. Denies the allegations contained in paragraphs 11, 12 and 13 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. Upon information and belief, Andrx has not infringed any valid claim of the '320 patent.

## SECOND AFFIRMATIVE DEFENSE

11. Upon information and belief, Andrx alleges that the '320 patent is invalid because the differences between the subject matter of the '320 patent claims as asserted by the Plaintiff and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art.

## THIRD AFFIRMATIVE DEFENSE

12. Upon information and belief, Andrx alleges that the '320 patent as asserted

2

by the Plaintiff is invalid since the alleged invention, discovery or improvement was described and fully disclosed in patents or in printed publications in this or a foreign country before the alleged invention thereof by the applicants for the '320 patent.

## FOURTH AFFIRMATIVE DEFENSE

13. Upon information and belief, Andrx alleges that the '320 patent is invalid since it was not obtained in a manner consistent with the provisions of Title 35 of the United States Code, more specifically for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 102, 103 et seq.

## FIFTH AFFIRMATIVE DEFENSE

14. Well before the present action was filed, Andrx provided Plaintiff with a detailed description of all the ingredients employed by Andrx in the accused product, a detailed description of the manufacturing process employed by Andrx to manufacture the accused product, a detailed description of the legal reasons why the accused product does not infringe the '320 patent and samples of the accused product.

15. With a detailed understanding of the ingredients and structure of the accused Andrx product, Plaintiff commenced the present action in an unlawful attempt to impermissibly broaden the scope of the '320 patent with the anticompetitive effect of delaying and/or keeping the accused Andrx product from being marketed.

16. The '320 patent is unenforceable due to the plaintiff's misuse of the patent.

## SIXTH AFFIRMATIVE DEFENSE

17. Upon information and belief, Andrx alleges that the '320 patent is unenforceable as a result of the inequitable conduct committed by the applicants for the '320 patent during prosecution and/or procurement of the '320 patent.

18. Upon information and belief, during prosecution and/or procurement of

3

the '320 patent, the applicants knowingly withheld from the United States Patent and Trademark Office (hereinafter "the USPTO") information that was more material than the information disclosed to the UPSTO during prosecution of the '320 patent, with the intent to mislead the USPTO.

19. The information which the applicants for the '320 patent failed to disclose to the USPTO includes:

    a. a copy of United States Patent No. 5,051,262;

    b. a copy of United States Patent No. 4,891,230;

    c. a copy of Elan Corporation PLC Annual Report 1988;

    d. a copy of Elan Corporation PLC Annual Report 1989;

    e. a copy of June 22, 1988 edition of SCRP, No. 1319; and

    f. that the composition of the once-daily sustained release formulation of naproxen discussed on pages 383-388 of the European Journal of Clinical Pharmacology (1989) N0. 36, (Kelly et al.) was the formulation described in one of the Examples of the '320 patent application.

20. Upon information and belief, Plaintiff and/or individuals associated with the filing and prosecution of the '320 patent application knew of the information described in paragraph 18 above at least as early as the date the '320 patent application was filed with the USPTO.

## COUNTERCLAIMS

Andrx counterclaims against Plaintiff, Elan Corporation, PLC for declaratory relief and damages and alleges as follows:

## COUNT I - NON-INFRINGEMENT

21. Subject matter jurisdiction for this counterclaim is based upon 28 U.S.C. §§ 1338, 2201 and 2202 and Rule 13 of the Federal Rules of Civil Procedure.

4

22. An actual case or controversy exists between Plaintiff and Andrx based upon Plaintiff having filed a Complaint against Andrx.

23. Andrx has not infringed the '320 patent for the reasons alleged in paragraphs 11-20 of this Answer which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein and because Andrx' naproxen sodium extended release tablets are not included within the scope of any valid claim of the '320 patent.

### **COUNT II - INVALIDITY**

24. Andrx realleges paragraphs 21 and 22 above into this counterclaim by reference with the same force and effect as if repeated herein in full.

25. The '320 patent is invalid for the reasons alleged in paragraphs 11-20 of this Answer, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

### **COUNT III-INEQUITABLE CONDUCT**

26. Andrx realleges paragraphs 21 and 22 with the same force and effect as if repeated herein in full. This count seeks a declaration that the '320 patent is unenforceable due to inequitable conduct.

27. The '320 patent is unenforceable due to Plaintiffs inequitable conduct for the reasons alleged in paragraphs 17-20 of this Answer, which are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

WHEREFORE, Andrx respectfully requests that the Court:

A. dismiss the Complaint with prejudice and deny each request for relief made by Plaintiff;

B. declare and adjudge that Andrx has not infringed and will not infringe United States Patent No. 5,637,320;

5

    C.  declare and adjudge that United States Patent No. 5,637,320 is invalid;

    D.  declare and adjudge that United States Patent No. 5,637,320 is unenforceable due to inequitable conduct;

    E.  award Andrx damages for the assertion of a patent which Elan knew to be invalid;

    F.  award Andrx its costs, reasonable attorneys' fees and expenses; and

    G.  award Andrx such other and further relief as the Court deems just and proper including punitive damages.

Dated: February 22, 2005

                Respectfully submitted,
                HOULIHAN & PARTNERS, P.A.
                2600 Douglas Road, Suite 600
                Miami, FL 33134
                Telephone: (305) 460-4091
                Facsimile: (305) 460-4099
                Email: Houlihan@houlihanlaw.com

                By: __/s/ Gerald J. Houlihan_____
                   Gerald J. Houlihan, Esq.
                   Florida Bar No. 458430

                Attorneys for Defendant
                Andrx Pharmaceuticals, Inc.

Of Counsel:
James V. Costigan, Esq.
Martin P. Endres, Esq.
Kathleen A. Costigan, Esq.
HEDMAN & COSTIGAN , P.C.
1185 Avenue of the Americas
New York, New York 10036
(212) 302-8989

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing has been served by facsimile and mail this February 22, 2005 to:

Terri E. Meyers, Esq.
William Rafael Trueba, Jr.
KLUGER, PERETZ, KAPLAN & BERLIN, P.A.
201 South Biscayne Boulevard, Suite 1700
Miami Center
Miami, FL 33131


James B. Monroe, Esq.
Michael J. Flibbert, Esq.
Paul W. Browning, Esq.
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

　　　　　　　　　　　　　　　　　　　　　　　／s／ Gerald J. Houlihan　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　Gerald J. Houlihan